UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAREN A. RITTINGER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:17-CV-626 |
| § | |
| THE DAVIS CLINIC, *et al*, § | |
| § | |
| Defendants. § | |

**OPINION AND ORDER**

Pending before the Court is Defendant Medtronic Inc.'s ("Medtronic") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 9). Having considering the motion, response, reply, relevant facts, and applicable law, the Court finds that Plaintiff's claims are barred by the statute of limitations and Medtronic's motion should be granted.

**I.     Background**

Plaintiff Karen A. Rittinger underwent a *Roux en Y* ("RNY") gastric bypass surgery on October 15, 2014. During this surgery, her doctors used a surgical stapler manufactured by Medtronic to create the gastrojejunal anastomosis, a surgical connection made between the gastric pouch and the Roux limb.

After remaining in the hospital for a few days after her surgery to recover, she was discharged on October 17, 2014. That evening, she experienced severe pain in her abdomen and was rushed back to the emergency room. In the early hours of October 18, 2014, it was determined by her doctors that she had experienced an anastomic leak, or a break in the gastrojejunal anastomosis created by the surgical stapler, at some point between her October 15 surgery and her emergency room admission on October 18. Doc. 1 at 3, 15. Plaintiff alleges that this anastomic leak was caused by Medtronic's defective surgical stapler, which was used by her

doctors during her initial RNY surgery.

Plaintiff underwent a second, emergency surgery on October 18, 2014 to attempt to address the harm caused by the leak. Her condition was very serious at this point, requiring her to be heavily sedated, then induced into a coma. Ultimately, she contracted gangrene and had to endure the amputation of both of her legs. Doc. 1 at 4. She remained confined at the hospital through January of 2015, and during this time she "did not have the time, strength, or wherewithal to explore what happened to her, and why." Doc. 1 at 30.

In the aftermath of this horrific incident, Plaintiff attempted to obtain her medical records from the hospital which she hoped would show her precisely the nature of her injuries. As early as mid-January 2015, she began seeking information about what had gone wrong during her RNY surgery and in May of 2016 requested a complete copy of her records, including identification of which products were used on her body. Doc. 1 at 30. Finally, on September 22, 2016, she was provided a list of products used during her RNY surgery which was "as much detail as [the hospital was] able to provide." Doc. 1 at 38.

On February 27, 2017, Plaintiff brought suit against, among others, Medtronic, the manufacturer of the surgical stapler which allegedly caused her anastomic leak, alleging strict liability for failure to warn, strict liability for defective design, and negligence. Medtronic argues that these Counts are barred by Texas's two-year statute of limitations for product liability claims and moves to dismiss the complaint based on Plaintiff's failure to file suit timely. In response, Plaintiff asserts that the Texas discovery rule applies, allowing for an exception to the two-year limitations period.

## II. Applicable Law

Rule 12(b)(6) authorizes a dismissal of a complaint for "failure to state a claim upon

which relief can be granted." FED. R. CIV. P. 12(b)(6). "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

In Texas, the limitations period for personal injury claims is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003; *Spotts v. U.S.*, 613 F.3d 559, 573 (5th Cir. 2010). Texas law provides a limited exception to statutes of limitations, the "discovery rule," when the nature of the plaintiff's injury is "both inherently undiscoverable and objectively verifiable." *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996). The cause of action accrues when the plaintiff knows, or through the exercise of reasonable care and diligence should have discovered, the nature of her injury and the likelihood that it was caused by the wrongful acts of another. *Childs v. Haussecker*, 974 S.W.2d 31, 40 (Tex. 1998).

### III. Analysis

Without the discovery rule, Plaintiff would have been required to bring her claims by, at the latest, October 18, 2016. She maintains, however, that the discovery rule does apply and tolls the limitations statute, because her injury was "inherently undiscoverable." An injury is inherently undiscoverable if it is, "by its nature, unlikely to be discovered within the prescribed limitations period despite due diligence." *Via Net v. TIG Ins. Co.,* 211 S.W. 3d 310, 313-314 (Tex. 2006).

It is obvious to the Court that Plaintiff's injury was not "inherently undiscoverable." In fact, her injury, an anastomic leak, was explicitly discovered and diagnosed at the time of her second, emergency surgery. The fact that she was in a coma and had trouble obtaining medical records precisely showing the nature of her injuries does not render her injury "inherently

undiscoverable" and does not give rise to application of the discovery rule. A reasonable person would have been on notice as of October 18, 2014 to inquire about the surgical stapler's role in causing her diagnosed injury, and the limitations period began to run on that day. *See Pirtle v. Kahn*, 177 S.W.3d 567, 573 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Plaintiff's claims against Medtronic are therefore barred by the two-year statute of limitations.

## IV. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that

Defendant Medtronic, Inc.'s Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED. All claims against Defendant Medtronic, Inc. are DISMISSED.

SIGNED at Houston, Texas, this 1st day of February, 2018.

                                                              MELINDA HARMON
                                                              UNITED STATES DISTRICT JUDGE