UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN A. RITTINGER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-626 |
| | § | |
| THE DAVIS CLINIC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Now pending before the Court are the following motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, all filed by parties whose residence is in Texas: Defendant Robert Davis, M.D.'s Motion to Dismiss (Doc. 7); Defendant The Davis Clinic's Motion to Dismiss (Doc. 13); Defendant Memorial Hermann Health System d/b/a Memorial Hermann—Memorial City Medical Center's Motion to Dismiss (Doc. 26); and Defendant UT Physicians' Motion to Dismiss (Doc. 33). All four motions involve the same issue and will be addressed together. Upon careful review of the motions, responses, replies, and applicable law, the Court orders that the motions are granted.

**I.    Background**

Plaintiff Karen A. Rittinger, a citizen and resident of Houston, Texas, filed this lawsuit against the above listed defendants, as well as against several other defendants, in February of 2017. She asserted claims for, *inter alia*, negligence, violation of Texas's Deceptive Trade Practices Act, fraudulent misrepresentation, and violation of the standards, rules and regulations promulgated under the United States' Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), including the illegal withholding of medical records. Doc. 1 at 1.

Plaintiff alleges that subject matter jurisdiction is proper before this Court pursuant to 28

U.S.C. § 1331 because her claims hinge upon the application and interpretation of HIPAA, a federal statute. Since her claims necessarily rely on a federal statute, she argues, federal question jurisdiction is appropriate. Doc. 1 at 9. Defendants Robert Davis, M.D., The Davis Clinic, Memorial Hermann Health System d/b/a Memorial Hermann—Memorial City Medical Center ("Memorial Hermann"), and UT Physicians (collectively, "Defendants") seek to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that federal question jurisdiction does not exist.

## II. Applicable Law

It is fundamental that federal courts must establish subject matter jurisdiction prior to reaching the substantive claims of a lawsuit. *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 223 (5th Cir. 2012). If the court lacks either the statutory or constitutional authority to adjudicate a claim, then the claim shall be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). When considering such a jurisdictional challenge, a "court is free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Montez v. Dept't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). Thus, a court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Voluntary Purchasing Grps., Inc. v. Reilly*, 889 F.2d 1380, 1384 (5th Cir. 1989). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012).

## III. Analysis

*Parties' Arguments*

The parties agree that Plaintiff's HIPAA claim alone cannot confer federal subject matter jurisdiction, because the Fifth Circuit has held that HIPAA does not create a private right of action and cannot alone be the basis for federal subject matter jurisdiction. *Acara v. Banks*, 470 F. 3d 569, 571 (5th Cir. 2006); Doc. 22 at 2. Further, the parties do not dispute that since Plaintiff and Defendants are all citizens of Texas, diversity jurisdiction does not exist.

Plaintiff argues that federal subject matter jurisdiction nevertheless exists because her state law claims rely upon an interpretation of HIPAA, a federal law. Under 28 U.S.C. § 1331, the district courts have original jurisdiction over all civil actions "arising under" laws of the United States. Plaintiff points out that a cause of action that is created by state law may still "arise under" the laws of the United States if the well-pleaded complaint establishes that the plaintiff's right to relief under state law requires resolution of a substantial, disputed question of federal law. Doc. 47 at 1-2, quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 13 (1983).

Plaintiff contends that her state law claims arise under federal law because HIPAA provides the source of the duties that Defendants Memorial Hermann and UT Physicians allegedly breached in Plaintiff's Count against the hospitals for the illegal withholding of medical records. Likewise, Plaintiff argues that HIPAA "provides the source of multiple duties" breached by Defendant Robert Davis. Doc. 22 at 2. She argues that because the parties are likely to disagree as to precisely what duties, if any, were created by HIPAA's terms, the Court's interpretation of HIPAA will be instrumental to the Court's determination of such arguments. Doc. 50 at 4, Doc. 47 at 2, Doc. 22 at 2.

*Court's Decision*

The Court finds that Plaintiff's state law claims do not "necessarily depend on resolution of a substantial question of federal law." *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. at 54. Plaintiff's state law claims against Defendants for fraudulent misrepresentation, negligent misrepresentation, violation of the Texas Deceptive Trade Practices Act, negligence and gross negligence, battery, and failure to warn sound firmly in Texas law and do not turn crucially on the application or interpretation of HIPAA. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 805 (1986). Plaintiff has not shown that her right to relief under state law requires resolution of a substantial, disputed question of federal law.

As there is no basis for federal subject matter jurisdiction, Defendants' motions are granted and this action is dismissed as to Defendants for lack of subject matter jurisdiction.

## IV. Conclusion

Accordingly, for the reasons stated above, the Court ORDERS the following:

(1) Defendant Robert Davis, M.D.'s Motion to Dismiss (Doc. 7) is GRANTED;

(2) Defendant The Davis Clinic's Motion to Dismiss (Doc. 13) is GRANTED;

(3) Defendant Memorial Hermann Health System d/b/a Memorial Hermann—Memorial City Medical Center's Motion to Dismiss (Doc. 26) is GRANTED; and

(4) Defendant UT Physicians' Motion to Dismiss (Doc. 33) is GRANTED.

SIGNED at Houston, Texas, this 1st day of February, 2018.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE