UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN A. RITTINGER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-626 |
| | § | |
| THE DAVIS CLINIC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Defendant Covidien Ltd.'s ("Covidien") Motion to Dismiss for improper service and lack of personal jurisdiction (Doc. 8). Having considering the motion, response, reply, relevant facts, and applicable law, the Court finds that Plaintiff's claims against Covidien should be dismissed without prejudice.

### Background

Plaintiff brought suit against both Covidien and Covidien's parent company, Medtronic Inc. ("Medtronic"). These two defendants filed separate motions to dismiss. Medtronic's motion to dismiss for lack of subject matter jurisdiction was granted because the Court found that Plaintiff's claims were barred by the statute of limitations. Doc. 57. Covidien moves to dismiss Plaintiff's complaint against it for improper service and for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5).

### Standard of Review

When a defendant files a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir.

2006), *citing Wyatt v. Kaplan*, 686 F.2d 276, 280 (5th Cir. 1982).[1] At the pretrial stage of litigation, if the district court does not conduct a hearing on personal jurisdiction, the plaintiff need only present a prima facie case of personal jurisdiction. *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Felch v. Transportes Lar-Mex S.A. DE CV,* 92 F.3d 320, 325 (5th Cir. 1996); *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Proof by preponderance of the evidence is not required. *Johnston*, 523 F.3d at 609.[2]

When a defendant disputes factual bases for personal jurisdiction, the district court may consider the record before it, including "affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (*quoting Thompson v. Chrysler Motors Corp.*, 755 F.3d 1162, 1165 (5th Cir. 1985)), *cert. denied*, 540 U.S. 814 (2003); *Kelly Law Firm, P.C. v. An Attorney for You*, 679 F. Supp. 2d 755, 762 (S.D. Tex. 2009). The court has discretion as

---

[1] "Absent any dispute as to the relevant facts, the issue of whether personal jurisdiction may be exercised over a nonresident defendant is a question of law . . . ." *Ruston Gas Turbines, Inc. v. Donaldson Co.,* 9 F.3d 415, 418 (5th Cir. 1993). Where the facts are disputed, the party seeking to invoke the court's jurisdiction bears the burden of establishing sufficient contacts with the forum state by the nonresident defendant to invoke the court's jurisdiction. *Bullion v. Gillespie*, 895 F.2d 213, 216-17 (5th Cir. 1990).

[2] As the Fifth Circuit explained in *Walk Haydel & Associates, Inc. v. Coastal Power Production Co.*, 517 F.3d 235, 241-42 (5th Cir. 2008),
> Ultimately, the plaintiff must show by a preponderance of the evidence that jurisdiction is proper. Often, the determination of whether this standard is met is resolved at trial along with the merits. This is especially likely when the jurisdiction issue is intertwined with the merits and therefore can be determined based on jury fact findings. In this situation it is often "preferable that [the jurisdictional] determination be made at trial, where a plaintiff may present his case in a coherent, orderly fashion and without the risk of prejudicing his case on the merits." But this court has said that after a pretrial evidentiary hearing confined to the jurisdictional issue, where both sides have the opportunity to present their cases fully, the district court can decide whether the plaintiff has established jurisdiction by a preponderance of the evidence. [footnotes omitted]

The panel further opined, *id.* at 241,

> If the court determines that it will receive only affidavits or affidavits plus discovery materials, these very limitations dictate that a plaintiff must make only a prima facie showing of jurisdictional facts through the submitted materials in order to avoid a defendant's motion to dismiss. Any greater burden such as proof by a preponderance of the evidence would permit a defendant to obtain a dismissal simply by controverting the facts established by a plaintiff through his own affidavit and supporting materials.

to the type and amount of discovery it will allow, but unless there is a full and fair hearing, it should not act as a factfinder and must construe all disputed facts in favor of the plaintiff. *Walk Haydel*, 517 F.3d at 241.

On a motion to dismiss under Rule 12(b)(2), uncontroverted allegations in plaintiff's complaint are taken as true, and conflicts between facts in the parties' affidavits must be resolved in plaintiff's favor for purposes of the prima facie case of personal jurisdiction. *Johnston*, 523 F.3d at 609; *Kelly Law Firm*, 679 F. Supp. 2d at 762; *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). Nevertheless, the court is not required to credit conclusory allegations even if they are uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001).

Under the federal rules, except where a federal statute provides for broader personal jurisdiction, the district court's personal jurisdiction is coterminous with that of a court of general jurisdiction of the state in which the district court sits. *Submersible Sys., Inc. v. Perforadora Cent., S.A. de C.V.*, 249 F.3d 413, 418 (5th Cir. 2001). *See also Wyatt v. Kaplan*, 686 F.2d 276, 279 (5th Cir. 1982) ("Under the Federal Rules of Civil Procedure, a federal district court in a diversity case may exercise personal jurisdiction over a defendant residing outside the state in which it sits only to the extent permitted by state law."). A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant if (1) the forum state's long-arm statute confers personal jurisdiction over that nonresident defendant and (2) if the exercise of personal jurisdiction satisfies due process under the United States Constitution. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009), *citing Moncrief Oil Int'l, Inc. v. OAO Gasprom*, 481 F.3d 309, 311 (5th Cir. 2007). The Texas long-arm statute, Texas Civil Practice and Remedies Code §§ 17.0421-.045, extends jurisdiction to the limits of federal due process.

*Schlobohm v. Schapiro*, 784 S.W. 2d 355, 357 (Tex. 1990); *Gonzalez v. Bank of America Ins. Servs., Inc.*, No. 11-20174, 2011 WL 6156856 *3 (5th Cir. Dec. 12, 2011), *citing Stroman Realty, Inc. v. Antt*, 528 F.3d 382, 385 (5th Cir. 2008). "Because the Texas' long-arm statute extends to the limits of federal due process, the two-step inquiry collapses into one federal due process analysis." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). Thus a plaintiff in a diversity action in federal court in Texas need only demonstrate that (1) the defendant purposely availed himself of the benefits and protections of the forum state by establishing that the defendant had minimum contacts with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000); *Moncrief Oil Int'l, Inc. v. OAO Gasprom*, 481 F.3d 309, 311 (5th Cir. 2007). If the plaintiff fails to establish the existence of minimum contacts with the forum state, the court need not reach the question of whether personal jurisdiction would offend traditional notions of fair play and substantial justice. *Renoir v. Hantman's Associates, Inc.*, 230 Fed. Appx. 357, 360 (5th Cir. 2007).

Under agency principles, an agent's contacts can be imputed to its principle for purposes of examining personal jurisdiction. *Coleman v. Klockner & Co. AG*, 180 S.W. 3d 577, 588 (Tex. App.—Houston [14th Dist.] 2005), *citing Walker Ins. Servs. v. Bottle Rock Power Corp.*, 108 S.W. 3d 538, 549 n.4 (Tex. App.—Houston [14th Dist.] 2003, no pet.). "An agent is one who is authorized by a person or entity to transact business or manage some affair for the person or entity." *Coleman*, 180 S.W. 3d at 588. The key element of an agency relationship is the principal's right to control the means and details of the process by which the agent is to accomplish his task. *Id.* Whether an agency relationship exists is usually a question of law.

*Coleman*, 180 S.W. 3d at 587. Agency is not presumed; the party asserting an agency relationship bears the burden of proving it. *Id.* at 588. An agency relationship can be established from underlying facts or direct and circumstantial evidence demonstrating the relationship of the parties. *Id.* Whether a court has personal jurisdiction over a nonresident defendant is a question of law for the court. *Moncrief Oil Inter. v. OAO Gazprom*, 414 S.W. 3d 142, 150 (Tex. 2012).

## Analysis

Defendant Covidien moves to dismiss Plaintiff's Complaint against it for improper service and lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(5). Plaintiff alleges product liability claims against Covidien for strict liability for failure to warn and defective design and negligence related to the use of a surgical stapler, the DST Series™ EEA™ Stapler, during Plaintiff's surgery.

Covidien argues these claims fail because Covidien is not involved in the design, manufacture, sale, or marketing of the stapler in question. According to Covidien, this Court lacks personal jurisdiction over it because it is not the manufacturer of the product, it has not had minimum contacts with Texas, and the exercise of personal jurisdiction over it would not satisfy due process standards of the United States Constitution. Additionally, as a threshold matter, Covidien argues that Plaintiff's attempt to effectuate service on Covidien was insufficient and Covidien should be dismissed for that reason as well.

### *Whether Covidien was properly served*

Covidien argues that Covidien Ltd. is a foreign corporation domiciled in Bermuda, yet Plaintiff attempted to serve Covidien via certified mail to an address in Minneapolis, Minnesota. Defendant argues that since Plaintiff did not serve Covidien at a correct address, dismissal for improper service is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(5).

Plaintiff maintains that service was proper because Covidien Ltd. is an alter ego of Medtronic Inc., the corporation headquartered at the Minneapolis, Minnesota address where Covidien was served. Plaintiff argues that undisputed service of an alter ego parent corporation equates to service of the alter ego subsidiary. *See Gentry v. Credit Plan Corp. of Houston*, 528 S.W. 2d 571, 575 (Tex. 1975) (treating service of the alter ego subsidiary as equal to service of the alter ego parent company). Covidien replies by disputing the assumption that Covidien Ltd. is an alter ego of Medtronic, Inc. and contends that Plaintiff has not met its burden of showing that an alter ego relationship between the two entities exists.

*Whether the Court has personal jurisdiction over Covidien*

Second, Covidien argues that the Court does not have personal jurisdiction over it because the Texas long arm statute does not extend to reach it. The Texas long arm statute authorizes the exercise of jurisdiction over nonresidents "doing business" in Texas. TEX. CIV. PRAC. & REM. CODE § 17.042 (Vernon 1997). In the Complaint, Plaintiff attempts to establish personal jurisdiction over Covidien by alleging that Covidien "presently, and for decades beforehand, has regularly done business in the state of Texas such that it reasonably could expect to have to defend itself in a Texas court." Complaint at 10. Covidien counters this assertion by stating that it does not manufacture the stapler at issue in this case, nor did it advertise, label, market, sell, or distribute the stapler. It did not place the stapler in the general stream of commerce nor did it directly sell the stapler in Texas. Covidien is not registered to conduct business in Texas and did not maintain offices or employees in Texas during the relevant time period.

Furthermore, Covidien argues that the exercise of personal jurisdiction over Covidien, Ltd. by this Court would violate due process. Due process requires that the plaintiff demonstrate

that (1) the defendant purposefully availed itself of the benefits and protections of the forum state by establishing that the defendant had minimum contacts with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice. *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 481 F. 3d 309, 311 (5th Cir. 2011). Covidien argues that it had no contacts with Texas; it was a Bermuda corporation with a principal place of business in Bermuda. Because Covidien had no contacts with Texas, the claims against it must be dismissed for lack of personal jurisdiction.

Plaintiff responds by asserting that the Court has jurisdiction over Covidien because the contacts of Covidien's parent company, Medtronic, may be imputed to Covidien for the purpose of diversity jurisdiction. "[A] sufficiently close relationship between a parent and its subsidiary may subject one corporation to personal jurisdiction based on the contacts of the other." *Carson v. Maersk, Ltd.*, 61 F. Supp. 2d 607, 610 (S.D. Tex. 1999). Plaintiff notes that to impute the contacts of one corporation to another, there must be evidence of one corporation exercising sufficient control over the other to make the other its agent or alter ego.

Plaintiff states that the Court may consider the following factors which serve as evidence of this close relationship between corporations: the amount of stock owned by the parent of the subsidiary; whether the two corporations have separate headquarters; whether the two corporations share common officers and directors; whether corporate formalities are observed; whether separate accounting systems are maintained; whether one exercises complete authority over the other's general policy; and whether one exercises complete authority over the other's daily operations. *See Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983).

Plaintiff argues that the fact that Medtronic and Covidien agreed to merge in June of 2014 proves that the two operated as essentially the same entity, with Covidien being an alter-

ego of Medtronic. Since the Court has personal jurisdiction over Medtronic, Plaintiff argues, it also has personal jurisdiction over Covidien.

Additionally, Plaintiff argues that Covidien is directly involved in the production of the surgical stapler at issue. According to the Declaration of Robert Ringuette, Covidien does not "manufacture, advertise, label, market, sell or distribute the DST Series™ EEA™ Stapler identified in the Complaint." Doc. 8-3 at 1. Yet Plaintiff points to Covidien's website which features the DST Series™ EEA™ Stapler advertised for sale and described as an embodiment of the "Covidien commitment to innovation and collaboration with the surgical community." Doc. 43 at 3.[1] Plaintiff argues that Covidien had a hand in creating, conceptualizing, or manufacturing the stapler and is subject to personal jurisdiction.

Covidien replies that Plaintiff has not alleged any facts to support her theory of personal jurisdiction via the contacts of its alleged alter ego Medtronic. According to Covidien, under Texas law, the alter ego doctrine "applies 'when there is such unity between the parent corporation and its subsidiary that the separateness of the two corporations has ceased and holding only the subsidiary corporation liable would result in injustice.'" *U.S. ex rel. Wilkins v. N. Am. Const. Corp.*, 173 F. Supp. 2d 601, 643 (S.D. Tex. 2001) (quoting *Gardemal v. Westin Hotel Co.*, 186 F. 3d 588, 593 (5th Cir. 1999). Covidien contends that Plaintiff's Response fails to mention a single fact that would support a finding that Covidien is an alter ego of Medtronic. Rather, Plaintiff merely alleges in a conclusory fashion that Medtronic agreed to merge with Covidien in June of 2014, the two companies operated as essentially the same entity, and the corporations are intertwined. These allegations do not include enough facts to create a basis for the Court to treat the two corporations as alter egos for personal jurisdiction and service purposes.

---

[1] http://products.covidien.com/pages.aspx?page=ModelDetail&id=6902&cat=Devices&cat2=Model

*Court's Decision*

Both of Plaintiff's arguments against dismissal rely on a finding that Medtronic and Covidien are alter egos for the purpose of effecting service on Covidien through Medtronic and so that Medtronic's contacts may be imputed to Covidien to establish personal jurisdiction. Defendant Covidien's reply conflates the standard for alter ego liability with the standard for using alter ego theory to find that the contacts of one corporation may be imputed to another to establish personal jurisdiction. Commenting on this difference, the court in *Hargrave* noted that the standard for treating companies as alter egos for jurisdictional purposes is "less stringent" than the standard used to impute liability via alter ego theory. *Hargrave*, 710 F.2d at 1161.

Still, Plaintiff has not met this less stringent burden to establish that Covidien and Medtronic have such a close relationship that service of Covidien at Medtronic's address constitutes proper service and that Medtronic's contacts can be imputed to Covidien to establish personal jurisdiction. As mentioned by Plaintiff, the Court considers the following types of evidence in determining whether two corporations are alter egos for the purposes of effecting service and imputing contacts:

- the amount of stock owned by the parent of the subsidiary;
- whether the two corporations have separate headquarters;
- whether the two corporations share common officers and directors;
- whether corporate formalities are observed;
- whether separate accounting systems are maintained;
- whether one exercises complete authority over the other's general policy;
- whether one exercises complete authority over the other's daily operations.

See *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983).

In support of her argument that the companies are alter egos, Plaintiff states only that Covidien and Medtronic agreed to merge in June of 2014, and she does not provide any specific evidence relating to the factors listed above. Without any such evidence offered, the Court is

unable to find that Plaintiff has met her burden of presenting a prima facie case that Covidien and Medtronic are alter egos for the purposes of proper service of process and personal jurisdiction.

## Conclusion

Accordingly, it is hereby

**ORDERED** that Defendant Covidien Ltd.'s Motion to Dismiss (Doc. 8) is **GRANTED** and Plaintiff's claims against Covidien Ltd. are **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas, this 21st day of March, 2018.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE